Skused, J.,
delivered the opinion of the court.
The complainant, as a creditor of Parker, attacks a •deed of trust executed by him to Andrews upon certain lands, to secure debts due to Andrews, Adams, and other creditors, upon the ground of fraud, for alleged usury in the debts secured, and upon other grounds not necessary to mention.
The land had been sold by the trustee upon the terms prescribed in the deed, and had been bid off by one of the beneficiaries for himself and the others, and the bill seeks, as alternative relief, to reach an alleged surplus in the hands of the trustee, and to have this applied to the complainant’s debt.
The alleged fraud and usury are not made out, but in the progress of the case there was an account of the debts, of the sale, and of the state of the trust fund arising from the sale, and certain exceptions were filed to the master’s report; and from the Chancellor’s decree thereon the defendant Adams alone has appealed.
1. The Chancellor allowed the defense of the statute of limitations in bar of the debts of the defendant, Adams, in which we think he erred. The distinct recognition of Adams’s debts in the deed of trust, and the direction to pay them out of the trust-fund, have revived the debts, though the statute might have been a complete defense before the execution of the deed.
2. There is not a perfect description of Adams’s debts in the deed of trust.
*666 It is shown that Adams was absent when the deed was prepared, and that his debtor, Parker, stated the Adams debts from memory as one note due in 1837, for $100; one note date not remembered, for $160; and one note due in 1861, for $60.
The notes exhibited and proved are one due 26th October, 1837, for $106; one due 19th February, 1845, for $160; and one due the 19th December, 1841, for $100.
The maker of the deed and of the notes, Wiley Parker, is permitted to identify the debts as the ones intended to be secured which were stated from memory by him to the draughtsman of the deed.
There can be no doubt, from the testimony of Bennett, who wrote the deed, that one of the purposes of the bargainor was to secure the debts due Adams, and that the variance in description is a mere lapse of memory as to . the debts so long due.
It is insisted that this much of the deed is void for uncertainty, — that parol evidence cannot be admitted to identify the debts intended, — and that the debts of Adams should not be paid out of the trust fund.
In the absence of any semblance of fraud, we can see no objection to the evidence objected to.
The general rule is, that, to some extent, parol evidence may be properly resorted to for the purpose of showing whether the demand exhibited was really the subject of the mortgage.
We think that the defective description of the *667 notes was, under all the circumstances of this case, properly supplied by parol evidence.
3. The land was bought by the beneficiaries. The terms of the sale, as prescribed by the deed, Avere one-half cash and the balance in twelve months. The beneficiaries, having bought the land, paid no cash- and executed no notes, but the purchase simply extinguished their debts, the bargainor having waived the right of redemption. ,
The master, in stating the account, charged interest on all of the debts up to the time of the sale, and on one-half of them for twelve months after the sale. We think that this is correct.
4. We agree with the Chancellor that it was not proper to charge the trust Avith the solicitors’ fees for defending this suit: that the solicitors should look to their clients, the beneficiaries, for compensation.
The decree will be modified as indicated in this opinion, and in all other respects affirmed, and the case remanded.